WILLIAM PRICE v. WILLIAM J. POLLUCK.

The evidence shows that all the parties have been guilty of fraud, and therefore they are not enti.led to any aid from the court.

On rule to show cause.

Argued at November Term, 1873, before Justices SCUDDER and VAN SYCKEL.

For the rule, *Keasbey.*

Contra, *Brown.*

The opinion of the court was delivered by

VAN SYCKEL, J. On the 17th day of February, 1863, Price obtained judgment, by confession in this court, against Polluck for $2000. On the 7th of April, 1863, Price assigned this judgment to one Reuben May, for the consideration, as the assignment recites, of $500.

In October last, a rule was granted to show cause why satisfaction of this judgment shall not be entered, and Polluck now asks that this rule be made absolute.

Price, the plaintiff, swears that, before he assigned the judgment to May, he gave a satisfaction piece to Polluck, the defendant; that, at the time of the assignment, there was nothing due on the judgment, but that May did not know that the satisfaction piece had been given. Price further tes-

tifies that he made the assignment to May without any consideration, to enable May to coerce Polluck to pay him some money which May alleged Polluck ought to refund in some other transaction between them.

In the affidavit upon which the judgment was entered, Price swears that the true consideration of the bond was the sum of $2000, lent and advanced by him to Polluck. In his testimony taken under the rule to show cause, he says there was no consideration whatever for the judgment ; that, at the time the judgment was entered, the defendant did not owe him one cent.

Polluck, the defendant, swears that an indebtedness from him to Price was created by a note a few days before the entry of judgment; that that note was probably given for one dollar, natural affection, &c.; that there was no other indebtedness between them ; that Price did constructively make an affidavit, and there was enough in the affidavit to get a judgment. He says that the satisfaction piece was given to him within a week or two after judgment was signed, and that he did not know of its assignment to May until some time in 1871. By the advice of his counsel, he refuses to state his object or purpose in confessing the judgment to Price.

May was present when Price testified that he gave him no consideration for the assignment, and has not contradicted him. Polluck seems to be embarrassed now by the fact that May has brought suit upon this judgment in the state of New York. It is rarely that a greater batch of fraud is proven by the testimony of its principal promoters. If these parties are to be believed, the judgment was fraudulent, the affidavit upon which it was entered was false ; the plaintiff, after giving a satisfaction piece, committed a fraud upon his accomplice, by assigning the judgment without his knowledge to May, who procured it without consideration, for the fraudulent purpose of taking an unfair advantage of the defendant. To crown their work, they have voluntarily exposed their own fraud, as a ground for the interference of this court in

their behalf. There being no reason to doubt the truth of all they state, they have no right to invoke the aid of this court. They should be left in the position in which they have placed themselves, and the rule to show cause should be discharged, without costs to either party.

Justice SCUDDER concurred.